IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**VICKIE ADAMS, as Independent Executrix** )
**of the Estate of Jack Wilson and Independent** )
**Executrix of the Estate of Deloris Wilson,** )
)
**Plaintiff,** )
)
**vs.** )  CIVIL NO. 10-55-GPM
)
**THOMAS PURVES and W.D. KERR &** )
**SONS, INC., a Pennsylvania Corporation,** )
)
**Defendants.** )

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case is before the Court sua sponte on the question of subject matter jurisdiction. *See Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *Kuntz v. Illinois Cent. R.R. Co.*, 469 F. Supp. 2d 586, 588 (S.D. Ill. 2007) (quoting *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002)) ("Jurisdiction is the . . . power to declare law, . . . and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must."). In this action Plaintiff Vickie Adams, as independent executrix of the estate of Jack Wilson and independent executrix of the estate of Deloris Wilson, seeks damages under the Illinois Wrongful Death Act, 740 ILCS 180/0.01 *et seq*., the Illinois Survival Act, 755 ILCS 5/27-6, and the Illinois Rights of

Married Persons Act, 750 ILCS 65/0.01 *et seq.*, against Defendants Thomas Purves and W.D. Kerr & Sons, Inc. ("Kerr"), in connection with an automobile accident in which Jack Wilson and Deloris Wilson were killed. Federal subject matter jurisdiction is alleged on the basis of diversity of citizenship.

In general, of course, the exercise of federal subject matter jurisdiction in diversity requires that the parties to a case be of completely diverse state citizenship, that is, no plaintiff may be a citizen of the same state as any defendant, and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Driscoll v. Brown & Crouppen, P.C.*, Civil No. 09-859-GPM, 2009 WL 3770190, at *1 (S.D. Ill. Nov. 10, 2009); *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 (S.D. Ill. 2006). Here Adams, as the party seeking to invoke federal subject matter jurisdiction, has the burden of proof as to the existence of such jurisdiction. *See Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006) (citing *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)); *Peoples Nat'l Bank, N.A. v. American Coal Co.*, Civil No. 09-761-GPM, 2009 WL 3065198, at *1 (S.D. Ill. Sept. 23, 2009).

To invoke federal diversity jurisdiction, a natural person must be alleged to be a citizen, not a resident, of a state. "[A]llegations of residence are insufficient to establish diversity jurisdiction. It is well-settled that '[w]hen the parties allege residence but not citizenship, the court must dismiss the suit.'" *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000) (quoting *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996)) (remanding a case removed to federal court in diversity jurisdiction to the district court with instructions to remand the

case to state court for lack of subject matter jurisdiction where the removing party failed to amend allegations of the residence of individual parties to allege the citizenship of those parties, despite multiple opportunities to do so).  *See also Simon v. Allstate Employee Group Med. Plan*, 263 F.3d 656, 658 n.1 (7th Cir. 2001) ("In his amended complaint and appellate brief, [the plaintiff-appellant] alleged only his residence, not his citizenship.  An allegation of residency, however, is insufficient to establish diversity jurisdiction."); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) ("[A]lthough the parties claimed diversity jurisdiction, the complaint failed to allege the citizenship of either party, instead stating the residence of each.  Of course, allegations of residence are insufficient to establish diversity jurisdiction.").

A natural person's state citizenship for diversity purposes is determined by the state where the person is domiciled, that is, the state where the person is physically present with an intent to remain in that state indefinitely.  *See Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002) ("Citizenship for purposes of the diversity jurisdiction is domicile, and domicile is the place one intends to remain[.]"); *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction."); *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996) ("[I]t takes physical presence in a state, with intent to remain there, to establish domicile."); *Sadat v. Mertes*, 615 F.2d 1176, 1180 (7th Cir. 1980) (citing Restatement (Second) of Conflict of Laws §§ 15, 16, 18 (1971)) ("To establish a domicile of choice a person generally must be physically present at the location and intend to make that place his home for the time at least."); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 833 (S.D. Ill. 2006) ("'Citizenship' for diversity purposes is determined of course by a party's domicile, . . . which means the state where a party is physically present with an intent to remain there

indefinitely.") (collecting cases).  Finally, the citizenship for diversity purposes of a person suing as the legal representative of the estate of a decedent is the citizenship of the plaintiff's decedent.  *See* 28 U.S.C. § 1332(c)(2); *Gustafson v. Zumbrunnen*, 546 F.3d 398, 400-03 (7th Cir. 2008); *Lecker v. Bayer Corp.*, Civil No. 09-991-GPM, 2010 WL 148627, at *4 n.5 (S.D. Ill. Jan. 13, 2010); *Netherlands Ins. Co. v. Marathon Oil Corp.*, Civil No. 09-1057-GPM, 2009 WL 5213873, at *2 (S.D. Ill. Dec. 28, 2009); *Gilmore v. Bayer Corp.*, Civil No. 09-986-GPM, 2009 WL 4789406, at *3 n.1 (S.D. Ill. Dec. 9, 2009); *Kubitschek v. Shelter Mut. Ins. Co.*, Civil No. 09-937-GPM, 2009 WL 3769984, at *2 (S.D. Ill. Nov. 9, 2009); *Bankcroft v. Bayer Corp.*, Civil No. 09-787-GPM, 2009 WL 3156706, at *2 n.1 (S.D. Ill. Sept. 29, 2009); *Mathes v. Bayer Corp.*, Civil No. 09-630-GPM, 2009 WL 2601364, at *1 (S.D. Ill. Aug. 24, 2009); *Pruitt v. Kelly Moore Paint Co.*, Civil No. 07-768-GPM, 2007 WL 4226068, at *1 (S.D. Ill. Nov. 13, 2007).  With the foregoing principles in mind, the Court proceeds to an evaluation of the jurisdictional allegations of Adams's complaint.

The Court turns first to what is right with Adams's complaint.  In her complaint Adams properly alleges the jurisdictional amount in controversy for diversity purposes and the state citizenship of the Defendants:  the complaint avers with respect to each of Adams's decedents that the amount in controversy exceeds $75,000, exclusive of interest and costs, that Purves is a citizen of Pennsylvania, and that Kerr is a corporation incorporated under the laws of Pennsylvania with its principal place of business in Pennsylvania.  *See* 28 U.S.C. § 1332(c)(1) (for diversity purposes, a corporation is a citizen of the state where it is incorporated and the state where it maintains its principal place of business); *Wojan v. General Motors Corp.*, 851 F.2d 969, 974 (7th Cir. 1988) (same); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981) ("[The plaintiff] is a

California corporation with its principal place of business located within Kentucky, and is consequently a citizen of both California and Kentucky for diversity purposes."). *See also Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th Cir. 1991) (explaining that in the Seventh Circuit the location of a corporation's principal place of business is determined by the state where the corporation maintains its headquarters or "nerve center"); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006) (quoting *Wisconsin Knife Works*, 781 F.2d at 1282 (a corporation's principal place of business is the location of its nerve center or "directing intelligence").

However, turning to what is wrong with Adams's complaint, Adams fails properly to allege her own citizenship for diversity purposes, because she fails correctly to allege the state citizenship of her decedents, Jack Wilson and Deloris Wilson. As already has been discussed, because Adams is suing as the legal representative of the estates of Jack Wilson and Deloris Wilson, Adams's state citizenship for diversity purposes is her decedents' state citizenship, meaning the state or states where Jack Wilson and Deloris Wilson were domiciled at the time of their deaths. Here Adams alleges only that at the time of their deaths Jack Wilson and Deloris Wilson were "resident[s] of the State of Illinois[.]" Doc. 2 at 1 ¶ 2, 5 ¶ 40, 9 ¶ 81, 12 ¶ 119. For the reasons that have been addressed by the Court, Adams's allegations concerning the state citizenship of Jack Wilson and Deloris Wilson are insufficient to invoke the Court's diversity jurisdiction. However, the defect in Adams's pleading of the state citizenship of her decedents is not incurable, of course, and therefore the Court will give Adams leave to amend her complaint to allege that Jack Wilson and Deloris Wilson were citizens, not residents, of Illinois at the time of their deaths. *See Sta-Rite Indus., Inc. v. Allstate Ins. Co.*, 96 F.3d 281, 284 n.3 (7th Cir. 1996)

(quoting 28 U.S.C. § 1653) ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992) (quoting *Watkins v. Lujan*, 922 F.2d 261, 264 (5th Cir. 1991)) ("[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given.").

To conclude, Adams is **ORDERED** to file an amended complaint that correctly alleges the state citizenship of Jack Wilson and Deloris Wilson for diversity purposes not later than **ten (10) days** from the date of entry of this Order. Failure by Adams to file an amended complaint as herein ordered will result in the dismissal of this case pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of federal subject matter jurisdiction. *See Busch v. Lee Enters., Inc.*, Civil No. 09-780-GPM, 2009 WL 4544393, at *1 (S.D. Ill. Dec. 1, 2009); *Ball v. Morgan Stanley & Co.*, Civil No. 09-406-GPM, 2009 WL 1708791, at **1-2 (S.D. Ill. June 17, 2009); *Ball v. Southwest Fiduciary, Inc.*, Civil No. 09-194-GPM, 2009 WL 1708764, at *2 (S.D. Ill. June 17, 2009).[1]

**IT IS SO ORDERED.**

DATED:  January 27, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

1. As a final matter, the Court reminds Adams that the jurisdictional facts contained in her amended complaint must be alleged not on the basis of "information and belief" but on personal knowledge. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931 (S.D. Ill. 2006).