IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VICKIE ADAMS, as Independent Executrix of the Estate of JACK WILSON and Independent Executrix of the Estate of DELORIS WILSON, | )<br>)<br>)<br>)<br>) |
| Plaintiff/Counter-Defendant, | )<br>) |
| vs. | )   CIVIL NO. 10-55-GPM<br>) |
| THOMAS PURVES and W.D. KERR & SONS, INC., a Pennsylvania Corporation, | )<br>)<br>) |
| Defendants/Counter-Claimants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on a motion for partial summary judgment on liability (Doc. 44) and a motion for summary judgment (Doc. 46), both brought by Plaintiff Vickie Adams. Defendant W.D. Kerr & Sons, Inc. ("Kerr"), is a trucking company that specializes in the transport of oversized loads, including structural steel, steel beams, steel buildings, and so forth. Defendant Thomas Purves is a driver for Kerr. On August 12, 2009, Purves set out with two other Kerr drivers, Thomas Renfro and Doug Jordan, to deliver 120-foot-long I-beams from Sharon, Pennsylvania, to Olmsted, Illinois. Purves, Renfro, and Jordan each drove separate trucks and were accompanied by three separate escort drivers. On August 13, 2009, at approximately 9:10 a.m., Purves was operating a 2007 Kenworth Tractor towing a 120-foot-long I-beam southbound on the Interstate 57 exit ramp at Milepost 18 and was attempting to make a left turn onto Shawnee College Road in Ullin, Illinois. As Purves was trying to maneuver his tractor and the dolly carrying the I-beam onto Shawnee

College Road, a vehicle operated by Jack Wilson in which Deloris Wilson was a passenger struck the I-beam Purves was transporting.  As a result of the injuries Mr. and Mrs. Wilson suffered in the crash, both Mr. and Mrs. Wilson died, and Adams was appointed administrator of their respective estates.  Adams brings this action against Kerr and Purves for negligence pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/0.01 *et seq.*, the Illinois Survival Act, 755 ILCS 5/27-6, and the Illinois Family Expense Act, 750 ILCS 65/15; federal subject matter jurisdiction is premised upon diversity of citizenship pursuant to 28 U.S.C. § 1332.  Kerr and Purves in turn have counterclaimed against Adams based on alleged contributory negligence by Jack Wilson.  At this time, Adams seeks partial summary judgment on the issue of liability, citing three alleged violations by Kerr and Purves of regulations promulgated by the Illinois Department of Transportation ("IDOT") that Adams contends constitute negligence per se under Illinois law:  (1) Purves allegedly traveled in a convoy without police escort, in violation of Ill. Admin. Code tit. 92, § 554.421; (2) Kerr and Purves failed to place a rotating or flashing amber light as high as practical over the rear of the I-beam that Purves was transporting, in violation of Ill. Admin. Code tit. 92, § 554.418; and (3) Purves blocked both lanes of traffic on Shawnee College Road for over ten minutes, in violation Ill. Admin. Code tit. 92, § 554.428.  Adams also seeks summary judgment on the claim for contribution asserted against her by Kerr and Purves based on alleged contributory negligence by Jack Wilson.[1]  Both of Adams's motions have been fully briefed by the parties.  Having considered the matter carefully, the Court now rules as follows.

---

1. The Court notes that contributory negligence is an affirmative defense under the Federal Rules of Civil Procedure, not a subject for a counterclaim.  *See* Fed. R. Civ. P. 8(c)(1); *Buller v. Owner Operator Indep. Driver Risk Retention Group, Inc.*, 461 F. Supp. 2d 757, 767 (S.D. Ill. 2006) (citing *Hinfin Realty Corp. v. Pittston Co.*, 206 F.R.D. 350, 354-55 (E.D.N.Y. 2002)) ("[A]llegations of contributory or comparative fault assert[ ] an affirmative defense, not a counterclaim[.]").

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, generally at any time until thirty days after the close of discovery in a case, "[a] party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought." Fed. R. Civ. P. 56(a). The rule provides further that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." *Id*. Under Rule 56, "[a] party asserting that a fact cannot be . . . genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the . . . presence of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1)(A)-(B). The rule provides also that "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). With respect to affidavits and declarations, the rule provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). In responding to a summary judgment motion, the non-moving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986); *Johnson v. City of Fort Wayne, Ind.*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of some alleged factual dispute between the parties or by some metaphysical doubt as to the material facts. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact

exists only if a fair-minded jury could return a verdict for the non-moving party on the evidence presented. *See Anderson*, 477 U.S. at 252; *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). In considering a summary judgment motion, a court must draw all reasonable inferences in the light most favorable to the non-moving party. *See Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010). On summary judgment a court may not make credibility determinations or weigh the evidence, because these are tasks for a factfinder. *See Morfin v. City of E. Chicago*, 349 F.3d 989, 999 (7th Cir. 2003). In evaluating a motion for summary judgment, "[t]he court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

Under Illinois law, the violation of a statute or ordinance prescribing a duty for the protection and safety of persons or property may constitute negligence such as to give rise to a cause of action on behalf of a person who suffers injury or damage by reason thereof; said differently, a statute, regulation, or ordinance can create a duty of care where none exists at common law. *See Workman v. Dinkins*, 442 F. Supp. 2d 543, 555 (N.D. Ill. 2006); *O'Neil v. Krupp*, 589 N.E.2d 185, 187 (Ill. App. Ct. 1992); *Icenogle v. Myers*, 521 N.E.2d 163, 167 (Ill. App. Ct. 1988); *Powell v. Village of Mt. Zion*, 410 N.E.2d 525, 529 (Ill. App. Ct. 1980). *See also Cuyler v. United States*, 362 F.3d 949, 952 (7th Cir. 2004) ("[I]f a statute defines what is due care in some activity, the violation of the statute . . . presumptively establishes that the violator failed to exercise due care."). Thus, the violation of a statute, regulation, or ordinance prescribing a duty for the protection and safety of persons or property may constitute negligence such as gives rise to a cause of action on behalf of a person who suffers injury or damage by reason thereof. *See Quinn v. Sigma Rho*

*Chapter of Beta Theta Pi Fraternity*, 507 N.E.2d 1193, 1198 (Ill. App. Ct. 1987); *Gallick v. Novotney*, 464 N.E.2d 846, 849 (Ill. App. Ct. 1984); *Shehy v. Bober*, 398 N.E.2d 80, 84-85 (Ill. App. Ct. 1979). One who bases a right of recovery for negligent injury on a violation of a statute, regulation, or ordinance must not only show a breach of a duty imposed by the enactment at issue and a resulting injury, but must also show that the person injured came within the purview of the enactment and that the kind of injury suffered was the kind that the enactment sought to prevent. *See Martin v. Ortho Pharm. Corp.*, 661 N.E.2d 352, 355 (Ill. 1996); *Calloway v. Kinkelaar*, 659 N.E.2d 1322, 1326 (Ill. 1995); *Gouge v. Central Ill. Pub. Serv. Co.*, 582 N.E.2d 108, 112 (Ill. 1991); *Dunn v. Baltimore & Ohio R.R. Co.*, 537 N.E.2d 738, 745 (Ill. 1989); *Buerkett v. Illinois Power Co.*, 893 N.E.2d 702, 712 (Ill. App. Ct. 2008); *Mueller v. Community Consol. Sch. Dist. 54*, 678 N.E.2d 660, 667 (Ill. App. Ct. 1997). Violation of an applicable statute, regulation, or ordinance designed for the protection of human life or property is prima facie evidence of negligence, but the evidence of negligence may be rebutted by proof that a party acted reasonably under the circumstances, despite the violation. *See Davis v. Marathon Oil Co.*, 356 N.E.2d 93, 97 (Ill. 1976); *Carey v. J.R. Lazzara, Inc.*, 661 N.E.2d 413, 416 (Ill. App. Ct. 1996); *Leaks v. City of Chicago*, 606 N.E.2d 156, 160 (Ill. App. Ct. 1992); *Singer v. Schmudde*, 528 N.E.2d 234, 237 (Ill. App. Ct. 1988).[2]

---

2.   In a limited class of cases, a violation of a statute, ordinance, or regulation may constitute negligence per se where the language of the enactment at issue shows a clear intent to impose strict liability. *See Watseka Farmers Grain Coop. Co. v. FC Stone Group, Inc.*, No. 06-2104, 2006 WL 3743112, at *6 (C.D. Ill. Dec. 15, 2006); *Test Drilling Serv. Co. v. Hanor Co.*, 322 F. Supp. 2d 957, 963 (C.D. Ill. 2003) (citing *Abbasi v. Paraskevoulakos*, 718 N.E.2d 181, 186 (Ill. 1999)). In this instance, the language of the IDOT regulations that Kerr and Purves are alleged by Adams to have violated do not appear to reflect an intent to impose strict liability, and therefore the Court deems the alleged violations of those regulations to be merely prima facie evidence of negligence.

The Court has little difficulty concluding that the IDOT regulations at issue in this case are public safety measures. It is reasonable to conclude that the purpose of the regulations is to prevent motorists from being injured by trucks carrying oversized loads; similarly, Jack Wilson and Deloris Wilson, as regular users of the public highways, come within the class of persons which the regulations are designed to protect. *See Dini v. Naiditch*, 170 N.E.2d 881, 886-88 (Ill. 1960); *Petrauskas v. Wexenthaller Realty Mgmt., Inc.*, 542 N.E.2d 902, 908 (Ill. App. Ct. 1989); *Gula v. Gawel*, 218 N.E.2d 42, 45-47 (Ill. App. Ct. 1966). Nonetheless, if a duty is imposed because of a violation of a statute, regulation, or ordinance, the plaintiff must show that the violation itself was the proximate cause of the injury:

> The injury must be the natural and probable result of the negligent act or omission and be of such a character as an ordinarily prudent person ought to have foreseen as likely to occur as a result of the negligence, although it is not essential that the person charged with negligence should have foreseen the precise injury which resulted from his . . . . The intervention of independent concurrent or intervening forces will not break causal connection if the intervention of such forces was itself probable or foreseeable. What is the proximate cause of an injury is ordinarily a question of fact to be determined by a jury from a consideration of all of the evidence.

*Kalata v. Anheuser-Busch Cos., Inc.*, 581 N.E.2d 656, 661-62 (Ill. 1991) (quoting *Davis*, 356 N.E.2d at 100) (citations omitted) (holding that sufficient evidence supported the trial court's finding that the absence of a second handrail on a stairway, in violation of the Chicago Municipal Code, proximately caused injuries to a building lessee's employee, who slipped on that stairway when it was covered with snow and ice, and who subsequently sued the lessor). *See also Kohn v. Laidlaw Transit, Inc.*, 808 N.E.2d 564, 572 (Ill. App. Ct. 2004) (to find proximate cause, a court must find that a plaintiff's injuries are the natural and probable result of the defendant's acts or omissions and that an ordinarily prudent person could have foreseen the plaintiff's injuries as likely to occur as a

result of the defendant's conduct); *Stojkovich v. Monadnock Bldg.*, 666 N.E.2d 704, 708 (Ill. App. Ct. 1996) ("The act or omission of a defendant in breach of a legally recognized duty does not of itself form the basis of tort liability.  An essential element of any tort action is a proximate causal relationship between the act or omission of the defendant and the damage suffered by the plaintiff.  The plaintiff's damage must be the natural and probable result of the defendant's breach of duty.") (citation omitted).

   Here the record presents numerous issues of fact as to whether any of the claimed violations of IDOT regulations by Kerr and Purves were the proximate cause of Mr. and Mrs. Wilsons' injuries.  For example, Kerr and Purves dispute that the trucks bound for Olmsted, Illinois, were traveling in a convoy, given that each truck was accompanied by an escort vehicle of its own; more to the point, because an escort vehicle was assisting Purves to make the turn onto Shawnee College Road at the time of the accident giving rise to this case, it is not clear what additional assistance a police escort might have rendered in preventing the accident that took place.  Similarly, although Adams complains that a flashing amber light was attached to the end of the I-beam Purves was hauling, instead of being positioned above the I-beam as Adams claims IDOT regulations require, it is difficult for the Court to see how the position of the light proximately contributed to the accident.  The record reflects that Mr. and Mrs. Wilsons' car struck the trailer carrying the I-beam at the point where it was connected with the tractor in which Purves was driving, while the end of the I-beam was still on the ramp between Shawnee College Road and Interstate 57.  Thus, regardless of the positioning of the amber light, it does not appear to have been in any way the cause of the accident.  Finally, with respect to whether Purves blocked Shawnee College Road for an undue amount of time, in general, a motorist approaching or crossing an intersection is under a duty to exercise due care to

avoid collisions with other vehicles, and to reduce his or her speed when approaching the intersection, even if the speed does not exceed the speed limit.  *See Thomas v. Buchanan*, 192 N.E. 215, 217-18 (Ill. 1934); *Price v. State*, No. 77-CC-2248, 1985 WL 729613, at *2 (Ill. Ct. Cl. Sept. 30, 1985).  A driver is charged with notice that other vehicles may be traveling on the intersecting street or highway and must keep a proper lookout ahead as well as in both lateral directions.  *See Moran v. Gatz*, 62 N.E.2d 443, 444 (Ill. 1945); *Grass v. Hill*, 418 N.E.2d 1133, 1337-38 (Ill. App. Ct. 1981); *Petersen v. General Rug & Carpet Cleaners*, 77 N.E.2d 58, 64-65 (Ill. App. Ct. 1947).  Further, the degree of caution and vigilance which a driver approaching an intersection must employ to satisfy the requirement of reasonable care may be affected by existing conditions.  *See Runimas v. Howe*, 418 N.E.2d 956, 958 (Ill. App. Ct. 1981). Typically, just as proximate cause is ordinarily a question for the jury, it is also the jury's function to determine whether a driver kept a proper lookout for through traffic, whether the driver exercised reasonable care, and whether the driver's failure to do so proximately caused another driver's injury. *See Moss v. Wagner*, 190 N.E.2d 305, 307 (Ill. 1963); *Englund v. Englund*, 615 N.E.2d 861, 868 (Ill. App. Ct. 1993); *Lode v. Mercanio*, 395 N.E.2d 1014, 1017 (Ill. App. Ct. 1979).[3] On the record before the Court, the Court finds that there are genuine issues of material fact that preclude the entry of summary judgment for Adams.  Therefore, Adams's requests for summary judgment will be denied.

---

3.   It is true, of course, that the allocation of responsibilities between the finder of law and the finder of fact in federal court is governed by federal law.  *See Houben v. Telular Corp.*, 231 F.3d 1066, 1072 (7th Cir. 2000) (citing *Mayer v. Gary Partners & Co.*, 29 F.3d 330, 333-35 (7th Cir. 1994)); *Kremers v. Coca-Cola Co.*, 712 F. Supp. 2d 759, 766-67 n.5 (S.D. Ill. 2010). However, the Illinois state authorities cited above point up the important principle that, in numerous cases, it will be impossible for a court to determine proximate causation, or lack thereof, as a matter of law.

To conclude, Adams's motion for partial summary judgment on the issue of liability (Doc. 44) and Adams's motion for summary judgment on the issue of contribution (Doc. 46) are **DENIED**.

**IT IS SO ORDERED.**

DATED:  December 1, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge
